### STATE v. TOM HOGGARD.

(Filed 22 September, 1920.)

**Judgment—Criminal Law—Suspension of Judgment—Violation of Conditions—Trial Judge—Discretion—Trial by Jury—Appeal and Error.**

> The proceedings of the trial judge in a criminal action to ascertain whether the terms of a suspended judgment have been complied with, are addressed to his reasonable discretion, and do not fall within the province of the jury; and his action thereon is not reviewable on appeal when supported by evidence, unless this discretion has been manifestly abused by him.

APPEAL by defendant from *Devin, J.,* at the October Term, 1919, of WASHINGTON.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Ward & Grimes and P. H. Bell for defendant.*

BROWN, J. This was an appeal from a sentence upon a suspended judgment by his Honor, E. H. Cranmer, judge presiding, at July Term, 1920, of the Superior Court of Washington County. The facts upon which such sentence was based are as follows:

The defendant was indicted in two cases for retailing spirituous liquor. By agreement, the defendant plead guilty in case number one, and a fine was imposed upon him. In case number two he pleaded guilty; the prayer for judgment was continued upon payment of costs and the execution of a bond for defendant's appearance and show that he had not violated the prohibition laws of the State.

The defendant was afterwards indicted for retailing liquor. At July Term, 1920, judgment was prayed upon the suspended judgment, which had been suspended upon good behavior.

The court heard the evidence, and found that the defendant had engaged in the unlawful sale of liquor in violation of the terms of the suspended judgment, and sentenced the defendant to two years on the roads.

The right of a judge to impose sentence upon a judgment suspended upon good behavior is well settled. We said in *S. v. Greer,* 173 N. C., 759: "When judgment is suspended in a criminal action upon good behavior, or other conditions, the proceedings to ascertain whether the terms have been complied with are addressed to the reasonable discretion of the judge of the court, and do not come within the jury's province. The findings of the judge, and his judgment upon them, are not reviewable upon appeal unless there is a manifest abuse of such discretion." *S. v. Crook,* 115 N. C., 760; *S. v. Hilton,* 151 N. C., 687; *S. v. Everitt,* 164 N. C., 399.

Affirmed.