STATE OF NORTH CAROLINA v. STEPHEN DANIEL GREEN

No. 7526SC879

(Filed 2 June 1976)

1. Criminal Law § 143— probation revocation — extrajudicial admission
   by defendant — no necessity for voir dire

   The trial court in a probation revocation hearing did not err in
   the admission of a probation officer's testimony that defendant had
   admitted using heroin without first conducting a *voir dire* examina-
   tion to ascertain whether defendant's constitutional rights had been
   violated since a probation revocation hearing is not a criminal prose-
   cution.

2. Criminal Law § 143— probation revocation — probation officer's testi-
   mony as to violations of probation

   The trial court in a probation revocation hearing did not err in
   the admission of a probation officer's testimony that defendant had
   refused to obtain regular employment and had refused to pay certain
   monies in violation of his probation judgment.

3. Criminal Law § 143— probation revocation — proof required

   The evidence necessary to order probation revoked is a showing
   by the State which reasonably satisfies the judge in the exercise of
   his sound discretion that defendant has violated one of the conditions
   of his probation.

4. Criminal Law § 143— use of heroin — violation of probation condition
   — injurious habit

   The evidence supported the court's finding that defendant had
   used heroin which was in violation of a condition of his probation that
   he avoid injurious or vicious habits.

5. Criminal Law § 143; Constitutional Law § 21— probation condition —
   payment of money by defendant to deceased's parents

   A probation condition requiring defendant to pay a sum of money
   to the parents of the person he was convicted of killing does not
   constitute use of the criminal process to enforce a civil obligation
   and is valid.

APPEAL by defendant from *Ervin, Judge.* Judgment entered
21 March 1974 in Superior Court, MECKLENBURG County. Heard
in the Court of Appeals 17 February 1976.

Defendant was indicted for murder and convicted of man-
slaughter at the 11 June 1971 Session of Mecklenburg Superior
Court. In an order signed by the trial court, a twelve-year prison
sentence was suspended and the defendant was placed on pro-
bation for a period of five years. Among the conditions of the
probation were the following: (1) that defendant avoid injuri-

State v. Green

ous or vicious habits; (2) that defendant work faithfully at suitable, gainful employment as far as possible and save his earnings above his reasonably necessary expenses; and (3) that defendant pay into the office of the Clerk of Superior Court of Mecklenburg County the sum of $50.00 on or before the 21st of June, 1971, and a like amount on or before each Monday thereafter for a period of five years. The monies collected under the last provision were to be given to the mother and father of the deceased person whom defendant was convicted of killing.

In his report of defendant's conduct and activities, the probation officer informed the court that defendant had violated three conditions of his probation. The court conducted a hearing at which the probation officer testified that defendant admitted using heroin. Further, the probation officer testified that although defendant was able to work, he had refused to find regular employment and had fallen behind in his weekly payments.

The defendant offered testimony tending to show that he had stopped using drugs, that he had worked fairly regularly, and that he had stopped making the $50.00 payments because he was required by the army to travel at his own expense to Massachusetts to be fitted for a glass eye. During the two to three weeks that he was in Massachusetts, he was not employed. For failure to make the payments, he was taken before Judge Grist. From the record, it appears defendant was told by his probation officer to resume the payments in the Fall of 1973, but that there was some confusion as to whether the amount of the payments was to be reduced. Defendant testified that, "[m]y impression was that I shouldn't make any more payments until I was informed of what the exact amount would be. That is why I did not make any more payments."

The court made detailed findings of fact from which it concluded that defendant had violated the terms of probation in that (1) he was using heroin, (a violation of the conditions that he be of general good behavior and that he avoid injurious or vicious habits), (2) he had failed to secure regular employment although capable to do so, (a violation of the condition that he work faithfully at suitable employment as far as possible), and (3) he had wilfully failed to make the $50.00 weekly payments since December of 1973, (a violation of the condition that he pay into the clerk of court $50.00 per week). Therefore, in its

discretion, the court ordered defendant's probation revoked and his twelve-year prison sentence into immediate effect. Certiorari was allowed 10 July 1975.

*Attorney General Edmisten, by Associate Attorney Elizabeth R. Cochrane, for the State.*

*Loflin and Loflin, by Thomas F. Loflin III, for defendant.*

MARTIN, Judge.

[1] Defendant contends that the court erred in hearing testimony by defendant's probation officer concerning defendant's admitted use of heroin without first conducting a voir dire examination to ascertain whether the defendant's constitutional rights had been abridged. "The Sixth Amendment, which guarantees to the accused 'in all criminal prosecutions' a speedy and public trial 'by an impartial jury of the state and district wherein the crime shall have been committed,' is inapposite here." *State v. Braswell*, 283 N.C. 332, 196 S.E. 2d 185 (1973). Defendant's contention in the present case is without merit since "[a] hearing to determine whether the terms of a suspended sentence have been violated is not a 'criminal prosecution' . . . . " *State v. Braswell, supra.* See also *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 2d 484.

[2] Defendant next contends that the trial court erred in allowing into evidence and in refusing to strike testimony of the probation officer that defendant had refused to obtain regular employment and had refused to pay certain monies in violation of his probation judgment, in that such testimony amounted to a conclusion of law invading the province of the court. Upon a hearing of whether defendant wilfully breached a condition of suspension of sentence, the court is not bound by strict rules of evidence. *State v. Pelley,* 221 N.C. 487, 20 S.E. 2d 850 (1942). As our Supreme Court noted in *State v. Hoggard,* 180 N.C. 678, 103 S.E. 891 (1920) :

> " 'When judgment is suspended in a criminal action upon good behavior, or other conditions, the proceedings to ascertain whether the terms have been complied with are addressed to the reasonable discretion of ·the judge of the court, and do not come within the jury's province. The findings of the judge, and his judgment upon them, are not reviewable upon appeal unless there is a manifest abuse of such discretion.' (Citation omitted.) "

State v. Green

A careful perusal of the testimony leads to the conclusion that sufficient competent evidence was introduced by the State in this hearing to sustain the court's findings of fact.

[3]   Defendant next contends the court erred in denying the motion to dismiss charges at the conclusion of the State's evidence. The evidence necessary to order probation revoked is a showing by the State which reasonably satisfies the judge in the exercise of his sound discretion that defendant has violated one of the conditions of his probation. *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476 (1967). This assignment of error is overruled.

Defendant also contends that the court erred in finding and concluding that the probationer had violated the conditions of probation that he be of good general behavior and avoid injurious or vicious habits.

[4]   The court found as a fact that defendant has wilfully and without lawful execuse violated the terms of probation by using the drug heroin which is a violation of the condition of probation "that he be of general good behavior and that he avoid injurious or vicious habits." These findings of fact are supported in the testimony of Probation Officer Polk as follows: "That on December 20 1973 the defendant did admit to the supervising officer that he was using the drug heroin." The use of heroin constitutes an injurious habit not only because of the drug's harmful personal effects, but also because of its tendency to deaden one's control over his actions. Defendant's fourth assignment of error is without merit and is overruled.

Defendant's fifth assignment of error is without merit and is overruled.

[5]   Defendant's sixth assignment of error relates to the court's finding that he wilfully violated the condition of his probation regarding making payments of sums of monies.

The court found as a fact the following:

"That the said defendant was capable both physically and mentally of working at gainful employment but that due to his use of heroin and other controlled substances during his period of probation, he rendered himself unable to work from time to time and that he was unable to work for at least five weeks during his period of probation as a result

of his excessive use of various controlled substances, including heroin, and other controlled substances, and that this is in violation of his condition of probation that he work faithfully at suitable employment as far as possible.

That at the time the defendant was placed on probation he was instructed both orally and in writing to pay into the office of the Clerk of Superior Court the sum of $50 per week for a period of five years beginning June 21, 1971, and with a like payment on or before each Monday thereafter; that no payments have been made on this account since August 1, 1973; that the defendant receives a monthly disability check in the approximate amount of $200.00 and that the court finds that the defendant has had no justification for failing to make these payments during some of the period of time between August 1, 1973, and the present period of time in which he contends that he was making no payments as a result of the direction of a judge of the Superior Court; that he was directed by his probation officer to resume the making of these payments in late December, 1973, and that since that time he has wilfully failed to make any payments although he was financially able to do so; that this is in violation of his special condition of probation which states 'that he pay into the office of the Clerk of Superior Court of Mecklenburg County the sum of $50.00 on or before the 21st day of June, 1971, and a like amount on or before each Monday thereafter for a period of five years.' "

Defendant asserts that the condition which he has broken is invalid because it is unreasonable or is imposed for an unreasonable length of time. He cites *State v. Caudle,* 276 N.C. 550, 173 S.E. 2d 778 (1970).

The constitutional right defendant claims has been breached is the use of the criminal process to enforce a civil obligation. The court in *Caudle* recognized that a condition which did indeed use the criminal process for forced payment of civil debts was unconstitutional and therefore, *per se* unreasonable. The Court did, however, define the limits of its holding:

"To suspend a sentence of imprisonment for a criminal act, however just the sentence may be *per se,* on condition that the defendant pay obligations UNRELATED to such criminal act, however justly owing, is a use of the criminal process

to enforce the payment of a civil obligation . . . " (Emphasis supplied). *State v. Caudle, supra.*

In this case, defendant was ordered to pay a sum to the PARENTS of the person he was convicted of killing. This requirement does not extend into the area prohibited by *Caudle, supra,* because it is related to the criminal act committed by defendant. The parents are certainly persons injured by defendant's act.

Defendant's remaining assignment of error is without merit and is overruled.

In determining whether the evidence warrants the revocation of probation or a suspended sentence, the credibility of the witnesses and the evaluation and weight of their testimony are for the judge. *State v. Hewett, supra.* In the present case, there is enough competent evidence in the record to support the court's crucial findings that the defendant has wilfully violated each of the three valid conditions upon which his sentence was suspended. These findings of fact support the judgment revoking probation and putting the prison sentence into effect. The order of the court is

Affirmed.

Judges BRITT and HEDRICK concur.