The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Duane Sheridan KING, Defendant-Appellant.

No. 80CA1082.

Colorado Court of Appeals, Div. II.

March 4, 1982.

Rehearing Denied March 18 and March 25, 1982.

Certiorari Denied July 12, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Susan P. Mele, Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Elizabeth A. Joyce, Deputy State Public Defender, Denver, for defendant-appellant.

SILVERSTEIN *, Judge.

Defendant appeals his sentence, contending the trial court erred in requiring him to pay restitution in the amount of $1,011.71 to Transamerica Insurance Company as a condition of probation. We modify the sentence, and, as modified, affirm.

Defendant pled guilty to a reduced charge of criminal attempt to commit theft of camera and photographic equipment from Hillcrest Darkroom. The court imposed a sentence of probation for two years. As a condition of probation, defendant was required to pay restitution in the amount of $1,011.71 to Transamerica Insurance Company, which had paid such sum to Hillcrest Darkroom in settlement of a claim for damages to the cameras and photographic equipment as a result of defendant's attempted theft.

On appeal, defendant asserts that the trial court exceeded its statutory authority by ordering that restitution be paid to the insurance company. He claims that the insurance company was not the "victim" of the defendant's conduct within the meaning of § 16–11–204.5, C.R.S.1973 (1981 Cum. Supp.). We agree.

Section 16–11–204.5(1), C.R.S.1973 (1981 Cum.Supp.) provides in pertinent part:

"As a condition of every sentence to probation, the court shall provide that the defendant make restitution to the victim of his conduct for the actual damages which were sustained."

The meaning of the word "victim" in the statute has not been previously construed by a Colorado appellate court. Decisions of other jurisdictions, based on different statutory language, reach varying conclusions. One line of cases extends payment of restitution beyond the immediate victim of the crime. *Shenah v. Henderson,* 106 Ariz. 399, 476 P.2d 854 (1970); *People v. Bond,* 99 Mich.App. 86, 297 N.W.2d 620 (1980); *State v. Green,* 29 N.C.App. 574, 225 S.E.2d 170, *cert. denied,* 290 N.C. 665, 228 S.E.2d 455 (1976); *Flores v. State,* 513 S.W.2d 66 (Tex. Crim.App.1974). The other line of cases strictly limits the payment of restitution to the immediate victim or "party whose rights, personal or property, were invaded by the defendant as a result of which criminal proceedings were successfully concluded." *People v. Grago,* 24 Misc.2d 739, 204

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo.Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.).

N.Y.S.2d 774 (Cty.Ct.1960). *Accord: United States v. Clovis Retail Liquor Dealers*, 540 F.2d 1389 (10th Cir. 1976); *Karrell v. United States*, 181 F.2d 981 (9th Cir. 1950), *cert. denied*, 340 U.S. 891, 71 S.Ct. 206, 95 L.Ed. 646 (1950); *Montgomery v. State*, 292 Md. 155, 438 A.2d 490 (1981); *State v. Eilts*, 23 Wash.App. 39, 596 P.2d 1050 (1979), *aff'd*, 94 Wash.2d 489, 617 P.2d 993 (1980).

We find the latter cases to be more persuasive, and construe the term "victim" as it appears in § 16–11–204.5, C.R.S.1973 (1981 Cum.Supp.) to refer to the party immediately and directly aggrieved by the criminal act, and not to others who suffer loss because of some relationship, contractual or otherwise, to the directly aggrieved party. "As the statute is clear and unambiguous . . . there is no room for judicial modification here." *Tompkins v. De-Leon*, 197 Colo. 569, 595 P.2d 242 (1979). Restitution is not a substitute for a civil action to recover damages. *People v. Grago, supra.* It is intended to make the victim whole. *Cumhuriyet v. People*, Colo., 615 P.2d 724 (1980).

Defendant also claims that there was no evidence presented at the sentencing hearing showing that the actual damage was $1,011.71 or that defendant had caused the damage. We disagree. There was sufficient evidence in the record to sustain the trial court's determination that the defendant had caused damage in the amount of $1,011.71.

The sentence is modified by the substitution of Hillcrest Darkroom for Transamerica Insurance Company as the party to whom restitution is to be paid, and, as so modified, the sentence is affirmed.

VAN CISE and STERNBERG, JJ., concur.