The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Thomas J. CERA, Defendant-Appellant.

No. 82CA0976.

Colorado Court of Appeals, Div. I.

Nov. 17, 1983.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Joseph Saint-Veltri, Emerson B. Semple, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Thomas Cera, was charged by information with one count of sale of a narcotic drug. He later pled guilty to the charge of obtaining narcotic drugs by fraud, and the first count of sale of a narcotic drug was dismissed. On August 13, 1981, defendant was sentenced to a two-year term of probation, at which time the court stated: "If there is restitution due, we can take it up at a later date and I will add that as a condition of probation." On November 18, 1981, the court did condition defendant's probation upon defendant's payment of restitution in the amount of $1,925 to the United States Department of Justice, Drug Enforcement Administration (DEA), which agency had furnished the money with which a Denver undercover police officer purchased the narcotics from defendant.

In May 1982, defendant filed a motion to amend probation to exclude restitution, which motion the trial court denied.

Defendant appeals, alleging that the trial court erred in ordering defendant to pay restitution to the DEA and in denying his motion to amend probation to exclude restitution. We affirm.

I.

The first issue we address on appeal is whether we have jurisdiction under § 16–11–101(1)(a), C.R.S.1973 (1978 Repl.Vol. 8) to review the conditions of defendant's probation. Although this is not the first time this court has reviewed the conditions of a defendant's probation, we have not before now explicitly dealt with the jurisdiction issue presented by cases such as the one at bar.

Section 16–11–101(1)(a), C.R.S.1973 (1978 Repl.Vol. 8) provides:

"The defendant may be granted probation unless the offense of which he is

convicted makes him ineligible for probation. The granting or denial of probation and the conditions of probation shall not be subject to appellate review, unless *probation* is granted contrary to the provisions of this title." (emphasis added) Here the defendant argues that the *conditions* of probation are contrary to a "provision of this title," specifically § 16–11–204.-5(1), C.R.S.1973 (1978 Repl.Vol. 8) (1982 Cum.Supp.). Where, as here, the argument is that the conditions of probation are contrary to provisions of § 16–11–101, et seq., C.R.S.1973 (1978 Repl.Vol. 8), we necessarily imply an allegation that probation itself was granted contrary to the provisions of that title and, therefore, hold that we have jurisdiction to review the conditions of probation.

## II.

Defendant's only argument on appeal is that under our opinion in *People v. King,* 648 P.2d 173 (Colo.App.1982), the trial court's denial of his motion to amend probation to exclude restitution violated § 16–11–204.5(1), C.R.S.1973 (1978 Repl.Vol. 8) (1982 Cum.Supp.). That statute provides in pertinent part:

"As a condition of every sentence to probation, the court shall provide that the defendant make restitution to the *victim* of his conduct for the actual damages which were sustained." (emphasis added)

In *King,* we held that the term "victim" as it appears in § 16–11–204.5, C.R.S.1973 (1978 Repl.Vol. 8) (1981 Cum.Supp.) refers to the party immediately and directly aggrieved by the criminal act, and not to others who suffer loss because of some relationship, contractual or otherwise, to the directly aggrieved party. On that basis, we did not modify the defendant's sentence to exclude restitution, as defendant in the instant case asks us to do with his sentence. Rather, in *King,* we merely substituted the immediate theft victim for the insurance company as the party to whom restitution was to be paid.

The sole question on appeal then is not whether restitution is to be paid, but to whom such restitution is properly payable

under the statute. We held in *King* that the payment of restitution should be strictly limited to the "party whose rights, personal or property, were invaded by the defendant as a result of which criminal proceedings were successfully concluded."

Here, the trial court ordered defendant to pay restitution to the DEA who "fronted" the money for the purchase of controlled substances from defendant, rather than to the Denver police officer who actually handed the money to defendant in exchange for the drugs. We hold that, in so doing, the trial court acted correctly because the property rights in the buy money which were invaded by the defendant belonged to the DEA. That is, the money was the property of the DEA on loan to the Denver police.

Although neither § 16–11–204.5(1), C.R.S.1973 (1978 Repl.Vol. 8) (1982 Cum.Supp.) nor *King* specifically states that a governmental entity may qualify as a victim to whom restitution is payable, we note that there are a number of instances where it is appropriate that the state be classified as such. For example, in a welfare fraud case, it may be appropriate that the defendant be ordered to make restitution to the state. *See People v. Ybarra,* 190 Colo. 409, 547 P.2d 925 (1976). Our drunk driving laws provide a second example of the recognition that the state may be viewed as a victim for purposes of restitution. *See* § 42–4–1202(4), C.R.S.1973 (1982 Cum.Supp.) (requiring every person who is convicted of certain alcohol-related driving offenses to perform between 48 and 96 hours of useful public service).

Since the property rights in the $1,925 belonged to the DEA, we hold, in accordance with our decision in *King,* that the DEA is the proper party to whom restitution is to be paid, and in so holding, affirm.

Judgment affirmed.

PIERCE and METZGER, JJ., concur.