The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Ronald Jay CATRON,
Defendant-Appellant.

No. 82CA1287.

Colorado Court of Appeals,
Div. III.

Dec. 8, 1983.

Rehearing Denied Jan. 26, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Joel W. Cantrick, Sol. Atty. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Anderson & Chapin, Robert B. Chapin, Brush, for defendant-appellant.

TURSI, Judge.

Defendant, Ronald Jay Catron, appeals from the trial court's decision to condition his four-year probation for vehicular homicide on the payment of $100 per month restitution to the two minor children of the decedent. We reverse.

On July 3, 1981, the defendant was involved in a car accident which resulted in the death of Mark Cornwell (decedent). Defendant was charged with two counts of vehicular homicide and one count of negligent homicide. The defendant pled guilty to one count of vehicular homicide and the remaining counts were dismissed. The defendant received a four-year suspended sentence and was placed on probation for four years. The question of restitution was left open at the sentencing hearing. The trial court subsequently conditioned defendant's four-year probation on payment of restitution to the decedent's two dependent minor children in the amount of $100 per month for the four-year probation term. The defendant filed a motion pursuant to Crim.P. 35 objecting to the order of restitution on the grounds, *inter alia*, that the children of the decedent are not victims within the meaning of the restitution statute. Section 16–11–204.5(1), C.R.S.1973 (1982 Cum.Supp.). The motion was denied by the trial court. The defendant appeals.

■ Restitution is a statutorily required condition of probation in Colorado. Sections 16–11–204(1) and 16–11–204.5(1), C.R.S.1973 (1982 Cum.Supp.). But such restitution is to be ordered only if it is established that the victim has suffered damages as a result of a criminal act. *See Cumhuriyet v. People*, 200 Colo. 466, 615 P.2d 724 (1980).

■ The term "victim" as it appears in § 16–11–204.5 refers to the party immediately and directly aggrieved by the criminal act, and not to others who suffer loss because of some relationship, contractual or otherwise, to the directly aggrieved party. *People v. King*, 648 P.2d 173 (Colo.App. 1982). *See also People v. Cera*, 673 P.2d 807 (Colo.App.1983). In other words, resti-

tution is properly awarded only to the party whose personal or property rights were directly invaded as a result of a criminal act. *King, supra*. Moreover, restitution is intended to make the victim whole, but is not a substitute for a civil action for damages. *King, supra*.

■ Here, we agree with the defendant that the decedent's minor children are not "victims" within the meaning of § 16–11–204.5(1). *See King, supra*. It is obvious that minor children do suffer a loss at the death of their father; however, such a loss is not properly remedied under § 16–11–204.5(1). *See* § 13–21–201, et seq., C.R.S. 1973. We conclude that the trial court erred in finding that the decedent's minor children are victims within the meaning of § 16–11–204.5(1).

■ Where the crime results in death, as here, the "victim" for purposes of the restitution statute is the decedent. Thus, decedent's personal representative may properly be designated to receive as restitution such damages suffered by the victim as the trial court may order to be paid as a condition of probation. *See Cumhuriyet, supra*.

Defendant's remaining contentions need not be addressed.

The trial court's order of restitution to the minor children of the decedent as a condition of defendant's probation is vacated, and the matter is remanded for further proceedings consistent with the holding herein.

STERNBERG and BABCOCK, JJ., concur.