The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ralph CANSECO, Defendant-Appellant.

No. 83CA0380.

Colorado Court of Appeals, Div. III.

April 19, 1984.

Rehearing Denied May 17, 1984.

Certiorari Denied Oct. 9, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Tallmadge, Tallmadge, Wallace & Hahn, P.C., C. Thomas Bastien, Michael S. Rennich, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, Ralph Canseco, appeals the trial court's order of restitution, entered as a condition of probation following defendant's guilty pleas to two misdemeanor counts. We reverse and remand for a further hearing on restitution.

After a traffic accident, defendant was involved in a fight with four persons: Viola Bradeen, Rhonda Bradeen, Jeffrey Bradeen, and Dean Woods. Defendant was originally charged with seven felony counts concerning this incident. As a result of a plea bargain, the original counts which described Rhonda as one of the victims were dismissed, and defendant entered guilty pleas to two added misdemeanor counts, each of which named Viola Bradeen as the victim.

During the course of the providency hearing pursuant to Crim.P. 11, the trial court advised defendant, "Now, you could be placed on probation, and as a condition of probation I want you to know you could be made to pay any damages that *this victim* may have suffered as a result of your acts ...." (emphasis added) Defendant was granted probation and was ordered to pay restitution, in an amount to be determined later by the court or by stipulation. After a hearing, the court ordered that defendant pay $5,154.26 to Kenneth Bradeen, Rhonda Bradeen's father, for injuries she sustained during the altercation with defendant, finding that he was responsible for payment since it determined that Rhonda was a minor.

The sole issue presented on appeal is whether the trial court was correct in ordering that defendant pay restitution for damages suffered by a person who was not the "victim" named in the charge of which defendant was convicted. We hold that the court's order was in error.

Section 16–11–204.5(1), C.R.S. (1978 Repl.Vol. 8), provides in pertinent part:

"As a condition of every sentence to probation, the court shall provide that the defendant make restitution to the victim of his conduct for the actual damages which were sustained."

In *People v. King*, 648 P.2d 173 (Colo.App. 1982), this court held that the term "victim" in that statute refers to the party immediately and directly aggrieved by the criminal act. *See also People v. Catron*, 678 P.2d 1 (Colo.App.1983); *People v. Cera*, 673 P.2d 807 (Colo.App.1983); *Cumhuriyet v. People*, 200 Colo. 466, 615 P.2d 724 (1980).

Here, based on the rationale enunciated in those cases, the only person immediately and directly aggrieved by defendant's *criminal act* was Viola Bradeen, since she was the only "victim" named in the counts to which defendant pled guilty. Defendant was charged with other acts, but they did not result in a judgment of conviction. And, since the presumption of a defendant's innocence obtains throughout criminal proceedings, one cannot impute culpability where none has been established.

As well, the condition upon which defendant entered his guilty plea was that he be required to pay restitution to "this victim," *i.e.*, to Viola Bradeen. In effect, the trial court, by virtue of its statements to defendant at the providency hearing, and in its order accepting defendant's guilty plea, made a conclusive determination that Viola Bradeen was the only victim to whom defendant would be required to pay restitution for his crimes. The court and the parties are bound by this order.

Accordingly, the order of restitution is reversed, and the cause is remanded to the trial court for further hearing and a determination as to what amount of restitution, if any, is due and owing Viola Bradeen as a result of the two crimes to which defendant had entered a plea of guilty.

VAN CISE and STERNBERG, JJ., concur.