The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Richard Tal JONES,
Defendant-Appellant.

No. 83CA0032.

Colorado Court of Appeals,
Div. III.

Oct. 18, 1984.
Rehearing Denied Nov. 15, 1984.
Certiorari Denied March 11, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., William Morris, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Martin J. Gerra, III, Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant, Richard Tal Jones, was convicted of two counts of theft "by deception" in violation of § 18-4-401, C.R.S. (1978 Repl.Vol. 8), and was sentenced to six years probation. As one condition of that probation he was ordered to pay restitution to the "victims" of the thefts in the total

amount of $27,995. His convictions were affirmed in *People v. Jones* (Colo.App. No. 79CA0718, February 11, 1982) (not selected for official publication). Thereafter, he filed a motion in the trial court pursuant to Crim.P. 35(c) to vacate or modify his sentence, arguing that he had been required to pay restitution to improper parties. From denial of his motion, defendant appeals, and we affirm.

In the first count of the information the defendant was charged with the theft of $10,000 from the "Ski County Development escrow account." Evidence at trial disclosed that the Ski County Development Corporation was a real estate brokerage company that was wholly owned by the defendant. Ski County had an exclusive listing contract to sell lots owned by Tenderfoot Mountain Properties, a general partnership, and at the time of the theft, $9,000 had been deposited into an escrow account of Ski County as earnest money for the purchase of lots owned by Tenderfoot. Specifically, $2,000 was paid into the account by Walter Gates, $1,000 by Heli Schaller, $5,000 by John Webb, and $1,000 by William Shay. After the theft, William Cox, the managing partner of Tenderfoot, refunded the deposits of Schaller and Webb, and Shay was given a $1,000 credit towards the purchase price of a lot from Tenderfoot. Thus, only Walter Gates was not reimbursed for the loss of his earnest money deposit. With respect to this count, the trial court directed the defendant to pay restitution of $2,000 to Walter Gates and $7,000 to Tenderfoot Mountain Properties.

The second count of the information charged the defendant with the theft of $18,995 from Tenderfoot Mountain Properties and the Summit County Bank. Evidence at trial established that the defendant obtained a loan of $18,995 from the Summit County Bank, giving as security a deed of trust on one of the lots owned by Tenderfoot Mountain Properties. William Cox purchased the lot from Tenderfoot for a purchase price of $30,000 and subsequently discovered that the lot was subject to a deed of trust in favor of the Summit County Bank. Cox had to pay the bank $23,000 to obtain a release of the deed of trust and clear title to the property. With respect to this count, the trial court ordered the defendant to pay restitution to William Cox in the amount of $18,995.

The defendant contends here that the trial court erred in ordering him to pay restitution to parties who were not identified in the information by which he was charged as the victims of the thefts. We disagree.

■ On the date the defendant was sentenced, July 12, 1979, § 16–11–204(2)(e), C.R.S. (1978 Repl.Vol. 8) provided, in pertinent part, that:

"When granting probation, the court may, as a condition of probation, require that the defendant ... make restitution or reparation, or both, to the victim of his conduct for the damage or injury which was sustained."

In *People v. King*, 648 P.2d 173 (Colo. App.1982), we construed the amended version of this statute now in effect, § 16–11–204.5(1), C.R.S. (1983 Cum.Supp.), to mean that the term "victim" refers to the party immediately and directly aggrieved by the criminal act and not to others who suffer loss because of some relationship, contractual or otherwise, to the directly aggrieved party. We conclude this interpretation of the term "victim" also applies to the statute here at issue.

■ But, in *King*, we did not hold that restitution must be limited solely to parties named as victims in a criminal information, nor can we read such a requirement into the statute under consideration here. We therefore hold that it is not necessary for the "victim" to be specifically named as a party in the criminal indictment or information. Rather, if there is sufficient evidence in the record to determine that an individual is directly and immediately aggrieved by the defendant's conduct, then restitution shall be paid to that individual pursuant to § 16–11–204.5. Consequently, the dispositive question here is whether the parties to whom the trial court directed that restitution be paid were directly and immediately aggrieved by the defendant's criminal conduct.

With respect to the first count of the information, both Tenderfoot Mountain Properties and the individuals who made earnest money deposits on lots owned by Tenderfoot had a property interest in the $9,000 deposited in the Ski County Development Corporation's escrow account. Hence, all of these parties were directly and immediately aggrieved by the defendant's conduct in transferring the escrow funds to another account. Further, since Tenderfoot reimbursed all of the earnest money deposited, except the deposit of Walter Gates, the trial court acted properly in directing that restitution be made to Gates and Tenderfoot.

With respect to the second count of the information, William Cox, as the general managing partner of Tenderfoot, had a property interest in the lot which the defendant used as security for a personal loan from the Summit County Bank. Consequently, Cox was directly and immediately aggrieved by the defendant's criminal conduct. And, since Cox ultimately bore the entire loss, the trial court properly directed that restitution be payable to him.

Order affirmed.

BABCOCK and METZGER, JJ., concur.