STATE OF NORTH CAROLINA v. OLLIE JUNIOR ALSTON, DEFENDANT

No. COA99-317

(Filed 29 August 2000)

**Probation and Parole— condition of probation—sex offender treatment program—Alford plea**

The trial court did not abuse its discretion in its determination that defendant violated the probationary condition that he actively participate in and successfully complete a sex offender treatment program, because: (1) defendant presented no competent evidence of his inability to comply, and the evidence of his failure to pursue the program was sufficient within itself to sustain the trial court's finding that defendant's failure to comply was without lawful excuse; and (2) defendant's reliance upon his Alford plea as a lawful excuse for non-compliance with the program condition requiring defendant to acknowledge having committed the charged offenses before inclusion in the program was unfounded.

Appeal by defendant from judgments entered 26 October 1998 by Judge Frank R. Brown in Nash County Superior Court. Heard in the Court of Appeals 27 January 2000.

*Michael F. Easley, Attorney General, by J. Bruce McKinney, Assistant Attorney General, for the State.*

*Etheridge, Sykes & Britt, L.L.P., by Raymond M. Sykes, Jr., for defendant-appellant.*

JOHN, Judge.

Defendant Ollie Junior Alston appeals judgments activating previously-suspended probationary sentences. We affirm the trial court.

Examination of the record reveals the following: On 1 June 1998, defendant entered into a plea bargain arrangement (plea bargain) under which he pleaded guilty to each of four counts of taking indecent liberties with a child. Defendant's pleas were tendered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162 (1970) (hereinafter "Alford plea"), and the transcript of plea form (plea transcript) reflected his understanding "that upon [his] 'Alford Plea' [he] w[ould] be treated as being guilty whether or not [he] admit[ted] that [he was] in fact guilty." Under defendant's plea bargain, four consecutive sentences of not less than sixteen nor more than twenty months imprisonment were suspended during a sixty-month term of supervised probation. In return, defendant agreed to comply with certain specified conditions of probation, including "active[] participat[ion] in and successful[] complet[ion] [of] a sexual offender treatment program" (the program condition). Further, defendant's "[f]ailure to fully participate and successfully complete" such program was stipulated to "constitute immediate grounds for revocation" of his probation.

On 15 September 1998, a probation violation report was filed in each case, alleging defendant had "failed to complete the sex offender program [(the program)] at the Edgecombe-Nash Mental Health Center" (the Center). During a violation hearing conducted 26 October 1998, Robert Bissette (Bissette), defendant's supervising probation officer, testified defendant had enrolled in the program at the Center, but that he "could not complete the program because he wouldn't admit to what he had done." The court also received into evidence a 13 August 1998 letter to the Adult Probation/Parole Department from Ted Simpson (Simpson), a licensed psychologist at

the Center, stating that "the minimum entrance criterion for the [program wa]s that the offender accept some level of guilt and responsibility for his abuse." Simpson related that defendant had "steadfastly and consistently maintained his innocence," and therefore "[wa]s not appropriate for inclusion" in the program. Defendant did not testify at the hearing, and his presentation was limited to tendering a copy of his plea transcript and arguing that, in light of his "Alford plea," he was not required to admit guilt during the program.

Following the hearing and

[a]fter considering the record . . . together with the evidence presented by the parties and the statements made on behalf of the State and the defendant,

the trial court rendered the following factual findings in each case:

1. The defendant is charged with having violated specific conditions of [his] probation as alleged in:

   X a. the Violation Report(s) on file herein, which is incorporated by reference.

   . . . .

3. The condition(s) violated and the facts of each violation are as set forth . . .

   X a. in paragraph(s) 5 in the Violation Report or Notice dated 09-15-98 .

   . . . .

5. Each of the conditions violated as set forth above is valid; the defendant violated each condition willfully and without valid excuse; and each violation occurred at a time prior to the expiration or termination of the period of the defendant's probation.

   X Each violation is, in and of itself, a sufficient basis upon which this Court should revoke probation and activate the suspended sentence.

The court thereupon ordered defendant's probation revoked and his suspended sentence activated. Defendant appeals.

In seeking to revoke a probationary sentence, the State must show that the defendant, without lawful excuse, willfully violated a

condition of probation, *State v. Seagraves*, 266 N.C. 112, 113, 145 S.E.2d 327, 329 (1965) (per curiam); when this burden is met, the defendant must then "present competent evidence of his inability to comply" with such terms, *State v. Crouch*, 74 N.C. App. 565, 567, 328 S.E.2d 833, 835 (1985). However, if the defendant fails to offer evidence of inability to comply,

> then the evidence which establishes that defendant has failed to . . . [comply with] the terms of the judgment is sufficient within itself to justify a finding by the [trial court] that defendant's failure to comply was without lawful excuse.

*State v. Williamson*, 61 N.C. App. 531, 534, 301 S.E.2d 423, 426 (1983) (citation omitted).

> On appeal,

> " '[t]he findings of the [trial court], and [its] judgment upon them, are not reviewable . . . unless there [wa]s a manifest abuse of . . . discretion.' "

*State v. Green*, 29 N.C. App. 574, 576, 225 S.E.2d 170, 172 (1976) (citations omitted).

Defendant asserts that acceptance of his "Alford plea" by the trial court "necessarily contemplate[d]" that he would be allowed to maintain factual innocence, even while fulfilling probationary conditions imposed by the court. Specifically, defendant contends that

> maintaining his innocence . . . pursuant to his Alford plea[] should be considered a lawful excuse for not having completed the program.

Furthermore, defendant argues:

> To now hold that [he] has violated his probation because of his refusal to acknowledge his guilt is unjust and inequitable, and robs him of the benefit of the bargain he struck with the State by entering into the plea bargain arrangement.

Defendant's argument that his "Alford plea" excuses his failure to participate in the program raises an issue of first impression in this jurisdiction. We therefore examine the principles espoused in *Alford* and the decisions of other courts that have addressed the issue.

Preliminarily, however, we address briefly defendant's contention that the plea bargain between himself and the State was somehow

compromised by inclusion in the program the requirement that he acknowledge having committed the charged offenses. Because the hearing transcript reveals defendant failed to raise this argument in the trial court, the question is not properly before us. *See* N.C. R. App. P. 9(a) (appellate "review is solely upon the record on appeal and the verbatim transcript of proceedings"), and *State v. Hall*, 134 N.C. App. 417, 424, 517 S.E.2d 907, 912 (1999) (citations omitted) ("where theory argued on appeal not raised in trial court, 'the law does not permit parties to swap horses between courts in order to get a better mount [on appeal]' ").

Even if the issue were preserved for appellate review, moreover, we note the plea transcript indicates defendant's acquiescence in the program condition.

> If [defendant] had wished to challenge that condition as incon-sistent with his plea agreement, he could have moved to with-draw his plea prior to the imposition of sentence.

*People v. Birdsong*, 958 P.2d 1124, 1129 (Colo. 1998) (citations omitted).

Further, the record reveals no motion for appropriate relief by defendant

> seeking to vacate his plea on the basis that he mistakenly and detrimentally relied upon plea agreement that differed from the terms and conditions of probation.

*Id.* Nor does the record reflect defendant sought to withdraw his plea at the probation revocation hearing. *See id.*

Prior to leaving this issue, moreover, we observe that defendant's claim of a plea bargain violation by implication also includes the argument his plea may have been rendered involuntary by virtue of the sentencing court's failure to advise him he might be required to admit guilt in order to satisfy the program condition. However, the question of the voluntariness of defendant's plea likewise was not raised in the trial court nor has it been argued before this Court. *See* N.C. R. App. P. 9(a), and *Hall*, 134 N.C. App. at 424, 517 S.E.2d at 912. We therefore do not address the adequacy of the initial plea colloquy *sub judice*.

At the outset, it must be noted that, in view of defendant's failure to present evidence of inability to comply, *see Crouch*, 74 N.C. App. at 567, 328 S.E.2d at 835, the State's evidence at the hearing provided a

sufficient basis upon which the trial court could reasonably have determined defendant willfully violated, without lawful excuse, the condition that he fully complete a sex offender program, *see Williamson*, 61 N.C. App. at 534, 310 S.E.2d at 425; *see also State v. Hoggard*, 180 N.C. 678, 679, 103 S.E. 891, 891 (1920) (" 'When judgment is suspended in a criminal action upon good behavior, or other conditions, the proceedings to ascertain whether the terms have been complied with are addressed to the reasonable discretion of the judge of the court. . . . The findings of the judge, and his judgment upon them, are not reviewable upon appeal unless there is a manifest abuse of such discretion.' ").

Notwithstanding, we consider defendant's assertion that "maintaining his innocence . . . pursuant to his Alford plea[] should be considered a lawful excuse" for failure to comply with the program condition. *Alford* established that a defendant may enter a guilty plea while continuing to maintain his or her innocence. 400 U.S. at 37, 27 L. Ed. 2d at 171.

In the words of our Supreme Court,

> while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

*Id.* Commentators have noted that a defendant may choose to enter an Alford plea for reasons other than admitting guilt; for example, a defendant may wish to "plea bargain for a predictable, and often shorter, sentence or to protect others from the rigors, expense, or publicity of a trial." Alice J. Hinshaw, Comment, *State v. Cameron: Making the Alford Plea an Effective Tool in Sex Offense Cases*, 55 Mont. L. Rev. 281, 281 (1994).

Nonetheless, an "Alford plea" constitutes "a guilty plea in the same way that a plea of *nolo contendere* or no contest is a guilty plea." *State ex rel. Warren v. Schwarz*, 579 N.W.2d 698, 706 (Wis. 1998); *see Alford*, 400 U.S. at 37, 27 L. Ed. 2d at 171 (no "material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence"); *Birdsong*, 958 P.2d at 1130 ("An Alford plea is to be treated as a guilty plea and a sentence may be imposed accordingly.").

As a consequence, in accepting an "Alford plea" as

a concession to [a] defendant, [the trial court accords that defendant] no implications or assurances as to future revocation proceedings.

*Birdsong,* 958 P.2d at 1129. In other words, an "Alford plea" is in no way "infused with any special promises," *Warren,* 579 N.W.2d at 711, nor does acceptance thereof constitute "a promise that a defendant will never have to admit his guilt," *id.*

As the Wisconsin Supreme Court stated in *Warren*:

[a] defendant's protestations of innocence under an Alford plea extend only to the plea itself.

. . . .

. . . *"There is nothing inherent in the nature of an* Alford *plea that gives a defendant any rights, or promises any limitations, with respect to the punishment imposed after the conviction."*

. . . Put simply, an *Alford* plea is not the saving grace for defendants who wish to maintain their complete innocence. Rather, it is a device that defendants may call upon to avoid the expense, stress and embarrassment of trial and to limit one's exposure to punishment [and it is] not the saving grace for defendants who wish to maintain their complete innocence.

*Id.* at 707 (citations omitted) (emphasis added); *see generally Smith v. Com.,* 499 S.E.2d 11, 13 (Va. Ct. App. 1998) (quoting *State v. Howry,* 896 P.2d 1002, 1004 (Idaho Ct. App. 1995)) (" '[A]lthough an *Alford* plea allows a defendant to plead guilty amid assertions of innocence, it does not require a court to accept those assertions . . . [but the court may] consider all relevant information regarding the crime, including [the] defendant's lack of remorse.' ").

Under the plea bargain *sub judice,* defendant expressly acknowledged his understanding that he would be, and that he agreed to be, "treated as . . . guilty" whether or not he admitted guilt. Further, defendant's plea bargain set forth specified probationary conditions, which he agreed to perform, including "active" participation and "successful[]" completion of "a sexual offender treatment program," as well as defendant's stipulation that his"[f]ailure to fully participate and successfully complete" such program would "constitute immedi-

ate grounds for revocation" of his probation. Defendant not only agreed to such terms during the oral plea colloquy with the court, but personally, along with his counsel, signed the plea transcript incorporating the terms of the plea bargain.

Upon defendant's assent to the foregoing terms and conditions, the trial court accepted the plea bargain, including defendant's "Alford plea," and sentenced defendant accordingly. In doing so, however, the trial court conveyed "no implications or assurances as to future revocation proceedings." *Birdsong*, 958 P.2d at 1129. Notwithstanding the absence of any assurances as to future proceedings and his specific acceptance of participation and successful completion of the program, defendant reiterates that "[m]aintaining his innocence . . . pursuant to his Alford plea, should be considered a lawful excuse for not having completed the program." We disagree.

It is well established that "probation or suspension of sentence is an act of grace" and not a right. *State v. Baines*, 40 N.C. App. 545, 550, 253 S.E.2d 300, 303 (1979). Further, under the authorities discussed above, including *Alford* itself, defendant's protestations of innocence under his "Alford plea" did not extend to future proceedings. *See Birdsong*, 958 P.2d at 1129. Rather, his claim of innocence was applicable only to the plea itself, a plea of guilty, *see Warren*, 579 N.W.2d at 706, *Birdsong*, 958 P.2d at 1130, and *Alford*, 400 U.S. at 37, 27 L. Ed. 2d at 171, which bestowed upon defendant no rights, promises, or limitations with respect to the punishment imposed save as set out in the plea bargain and authorized the trial court to treat defendant as any other convicted sexual offender, *see Warren*, 579 N.W.2d at 707; *see also generally State v. Goff*, 509 S.E.2d 557, 565-66 (W. Va. 1998) (Workman, J., concurring) (" 'The primary goal for managing sex offenders should be to protect society [especially children] from new sexual assaults . . . [and] one of the best methods for accomplishing th[is] goal . . . includes providing treatment for the sex offender.' ").

To summarize, the trial court's determination that defendant had violated the probationary condition that he "actively participate" in and "successfully complete" a sexual offender treatment program in no way reflected a "manifest abuse of discretion." *Green*, 29 N.C. App. at 576, 225 S.E.2d at 172. First, defendant presented no competent "evidence of his inability to comply," *Crouch*, 74 N.C. App. at 567, 328 S.E.2d at 835, and the evidence of his failure to pursue the program was thereby in any event "sufficient within itself," *Williamson*, 61

GROVES v. TRAVELERS INS. CO.

[139 N.C. App. 795 (2000)]

N.C. App. at 534, 310 S.E.2d at 425, to sustain the court's finding "that defendant's failure to comply was without lawful excuse," *id.* Second, as discussed above, defendant's reliance upon his "Alford plea" as lawful excuse for non-compliance with the program condition was unfounded.

Affirmed.

Judges McGEE and HUNTER concur.