STEELMAN, Judge.
 

 On 4 June 2001, defendant Kelly Dawn Medlin pled guilty to four counts of breaking and entering a motor vehicle, one count of embezzlement, and one count of assault with a deadly weapon inflicting serious injury. In the assault case, the trial court sentenced defendant to 24-38 months imprisonment. The trial court consolidated the four remaining charges and imposed a consecutive sentence of 6-8 months imprisonment. The court suspended both judgments and placed defendant on supervised probation for 36 months. The regular conditions of defendant's probation required that defendant obtain and retain satisfactory employment; and aspecial condition of probation provided that she had to complete 50 hours of community service.
 

 On or about 19 March 2002, defendant's probation officer filed a violation report, alleging that defendant had violated the terms and conditions of her probation, as follows:
 

 1. The defendant has failed to complete 50 hours of community service. A total of four hours has been completed as of 3-15-02.
 

 2. The defendant has failed to pay court indebtedness of $150.00 per month beginning 7-01-01.
 

 3. The defendant is $180.00 in arrears on probation supervision fees as of 3-15-02.
 

 4. The defendant has failed to obtain employment as of 3-15-02.
 

 A revocation hearing was held before Judge Cayer in criminal session of superior court on 7 April 2003.
 

 The matter of defendant's probation violation had previously been before the court on 3 September 2002 and 10 February 2003, but had been continued so that defendant could obtain documentation of a medical disability preventing her from complying with the terms and conditions of her probation. Defendant, through counsel, admitted that she had violated the terms and conditions of her probation as alleged, but denied that the violations were willful. Rather, defendant contended that her inability to comply with the terms and conditions of her probation was due to her disability.
 

 Defendant's probation officer stated, "I'm not doubting that she does not have these medical conditions, but I really feel like she never tried in the beginning to do anything with thisprobation." The probation officer opined that "in the beginning Miss Medlin could have made some type of honest attempt to pay something on these cases." The probation officer noted that defendant was extremely difficult to motivate. The officer noted that he "had to extend her time on the community service to even get her to comply with that to get as much time as I got out of her." The probation officer closed, noting that defendant had been relying on the pendency of her disability claim before the Social Security Administration as evidence of her inability to comply with the terms and conditions of her probation for some time.
 

 After hearing the evidence and arguments of counsel, the trial court found defendant in willful violation of the terms and conditions of her probation. The court found all four alleged violations to exist, and that each violation constituted a basis for revocation. The court ordered that defendant's probation be revoked and her suspended sentences activated. Defendant appeals.
 

 The sole issue before this Court is whether the trial court erred in revoking defendant's probation and activating her suspended sentence. It is well settled that "`probation or suspension of sentence is an act of grace' and not a right."
 
 State v. Alston,
 

 139 N.C. App. 787
 
 , 794,
 
 534 S.E.2d 666
 
 , 670 (2000)(quoting
 
 State v. Baines,
 

 40 N.C. App. 545
 
 , 550,
 
 253 S.E.2d 300
 
 , 303 (1979)). To that end, a proceeding to revoke probation is not bound by the strict rules of evidence requiring proof of an alleged violation beyond a reasonable doubt.
 
 State v. Hill,
 

 132 N.C. App. 209
 
 , 211,
 
 510 S.E.2d 413
 
 , 414 (1999)(citations omitted). The State need only present that amount of evidence "as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended."
 
 State v. Hewett,
 

 270 N.C. 348
 
 , 353,
 
 154 S.E.2d 476
 
 , 480 (1967). Once the State presents that quantum of evidence, "[t]he burden is on defendant to present competent evidence of his inability to comply with the conditions of probation; . . . otherwise, evidence of defendant's failure to comply may justify a finding that defendant's failure to comply was wilful or without lawful excuse."
 
 State v. Tozzi,
 

 84 N.C. App. 517
 
 , 521,
 
 353 S.E.2d 250
 
 , 253 (1987)(citation omitted). The Court noted in
 
 Tozzi,
 
 "Any violation of a valid condition of probation is sufficient to revoke [a] defendant's probation."
 

 Id.
 

 (citation omitted).
 

 In the instant case, defendant admitted to having violated the terms and conditions of probation listed in the violation report, but denied that the violations were willful. Defendant entered her guilty plea on 4 June 2001, and her probation officer submitted his violation report on 19 March 2002. Evidence presented included an emergency room work release form from Gaston Memorial Hospital dated 1 July 2002 indicating that defendant could return to work on 4 July 2002, unless her primary care physician determined otherwise. There are a few reports from Bessemer City Health Care Center indicating that defendant suffered from a number of ailments, and should not do heavy lifting, but these reports fallbetween the dates of 15 March 2002 and 8 August 2002; right at the time, or after, that the probation violation report was submitted. Defendant presented a letter from Bessemer City Health Care dated 16 August 2002, indicating that she was not able to work at that time. Defendant did not present an updated letter as to her medical condition, nor is there any evidence in the record indicating that defendant was unable to work in the period between her sentencing and the submission of the probation violation report. Instead, she relied on the pending decision of a hearing before the Social Security Administration on 11 March 2003, to support her claim that she cannot presently comply with the terms and conditions of her probation.
 

 The State presented the testimony of defendant's probation officer to show that the violations were indeed willful. The probation officer testified that defendant had failed to satisfy the monetary obligations of probation, and that time during which defendant could complete her community service hours was even extended to assist her in fulfilling that condition of probation. Significantly, however, despite this extension, defendant failed to complete all of the required hours. The probation officer noted that defendant lacked motivation, and had been using her medical condition and a pending hearing at the Social Security Administration, as an excuse for her violations. While the officer acknowledged that defendant does have a medical condition, he opined that at the beginning of her probationary period, defendant was able to comply with the terms and conditions of probation. The evidence of record tends to show that defendant completed 29.5 hours of community service in April 2002 and 4 hours on 13 December 2001. Defendant failed to make any showing as to why she was unable to meet her monetary and community service obligations during the period after being placed on probation in June 2001, up until the point doctors at Bessemer City Health Care declared her unable to work in August 2002. As the trial court noted, "What happens in an administrative proceeding like that, Social Security, is something the Court may consider here, but obviously that's not dispositive of what a criminal court does with a probation hearing."
 

 While defendant attempts to challenge the form judgments entered upon the revocation of probation, this Court has previously found such judgments to be adequate.
 
 See State v. Alston,
 

 139 N.C. App. 787
 
 ,
 
 534 S.E.2d 666
 
 (2000)(examining the record and stenographic transcript and affirming the revocation of the defendant's probation). Contrary to defendant's contentions, the record tends to show that the trial court did properly consider the evidence offered in support of her claim that her failure to comply with the terms and conditions of probation were not willful. The trial court's findings, however, show that the court did not find this evidence sufficient to show an inability to comply with the terms and conditions of probation.
 
 See State v. Williamson,
 

 61 N.C. App. 531
 
 , 535,
 
 301 S.E.2d 423
 
 , 425 (1983)(holding that the trial court, sitting as finder of fact in a probation revocation hearing, is not required to accept a defendant's evidence astrue)(citation omitted). Further, though defendant argues that the trial court did not make a finding that her violations were willful, the findings section of the form judgments revoking probation state, "the defendant violated each condition willfully and without valid excuse[.]"
 

 In sum, as the trial court properly found that defendant willfully and without valid excuse violated the terms and conditions of her probation, we hold that the court properly revoked her probation and activated her sentences in this case. The judgments of the trial court are, therefore, affirmed.
 

 AFFIRMED.
 

 Judges HUDSON and THORNBURG concur.
 

 Report per Rule 30(e).