The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jeffrey Wayne DUBOIS, Defendant–Appellant.

No. 06CA1089.

Colorado Court of Appeals, Div. I.

Nov. 15, 2007.

Rehearing Denied Dec. 13, 2007.

John W. Suthers, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Ned R. Jaeckle, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.*

Defendant, Jeffrey Wayne Dubois, appeals the restitution order entered as part of his sentence for vehicular eluding. We affirm.

Pursuant to a plea bargain in which several charges were dismissed, defendant pleaded guilty to a single count of vehicular eluding. The trial court sentenced defendant to probation and set a hearing to resolve the contested issue of restitution. At the conclusion of the restitution hearing, the trial court made the following findings of fact.

At 12:51 a.m., an Alamosa Deputy Sheriff responding to a domestic violence report attempted to make contact with defendant. Defendant sped away in his vehicle, and the deputy gave chase. Although the deputy drove at speeds of up to 109 miles per hour, he was unable to apprehend defendant.

A second Alamosa Deputy Sheriff who was at her home—but was on duty and obligated to respond to calls until her shift ended at 3 a.m.—heard the first deputy radio for assistance. The second deputy immediately set out in her patrol car in search of the first deputy and defendant. However, while en route, the second deputy was involved in a single-car accident that resulted in the total destruction of her patrol car and several items of her personal property.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

Based on these findings, the trial court concluded that (1) both the second deputy and Alamosa County were victims of defendant's criminal conduct; and (2) defendant's criminal conduct was the proximate cause of the damage to the patrol car and to the second deputy's personal property. Accordingly, the court ordered defendant to pay restitution for these losses in the amount of $22,681.15. Defendant now appeals that order.

The payment of restitution is authorized only for pecuniary losses that are proximately caused by the offender's conduct. § 18–1.3–602(3)(a), C.R.S.2007. " 'Victim' means any person aggrieved by the conduct of an offender," § 18–1.3–602(4)(a), C.R.S.2007, and " '[p]roximate cause' has been defined for purposes of restitution as 'a cause which in natural and probable sequence produced the claimed injury' and 'without which the claimed injury would not have been sustained.' " *People in Interest of D.S.L.*, 134 P.3d 522, 527 (Colo.App.2006) (quoting *People v. Clay*, 74 P.3d 473, 475 (Colo.App.2003)).

 "A trial court has broad discretion in determining the appropriate terms and conditions of restitution orders. Absent a gross abuse of discretion, the court's ruling will not be disturbed on appeal. . . . The People's burden of proof for establishing the amount of restitution owed is a preponderance of the evidence." *People v. Pagan*, 165 P.3d 724, 729 (Colo.App.2006) (citations omitted).

Here, defendant argues that, because the second deputy was not in close pursuit of him at the time of her accident (and because the second deputy was not named in the count of the information to which he pleaded guilty), neither the second deputy nor Alamosa County is a "victim" within the meaning of § 18–1.3–602(4)(a). In a closely related claim, defendant asserts that his criminal conduct was not the proximate cause of the second deputy's accident because she was not dispatched to assist in the chase and the first deputy had not specifically asked for her assistance. We disagree.

 The record supports the trial court's determination that, because the second deputy was on duty and "had no choice but to

respond to assist" the first deputy, both the second victim and Alamosa County qualified as victims within the statutory definition of that term. *See People v. Jones*, 701 P.2d 868, 869 (Colo.App.1984) ("it is not necessary for the 'victim' to be specifically named as a party in the criminal indictment or information"; a defendant is responsible for restitution "if there is sufficient evidence in the record to determine that an individual is directly and immediately aggrieved by the defendant's conduct").

Defendant also argues that the second deputy's decision to drive at a reckless speed was an intervening cause such that his criminal conduct was not the proximate cause of the accident. However, in the trial court, defendant asserted only that the second deputy was "driving too fast for the conditions." Because defendant did not specifically contend that the second deputy had interrupted the causal chain by acting recklessly, the trial court did not make findings with respect to this issue.

Moreover, the existing record would not support a finding that the second deputy acted recklessly by driving approximately eighty-five miles per hour. As set forth above, the first deputy drove in excess of one hundred miles per hour without losing control. Further, at the restitution hearing, the second deputy testified that there was "no indication" the snow was building up on the road until she came to the section of road where she crashed. At best, this evidence would establish simple negligence. However, simple negligence is not an intervening cause. *See People v. Saavedra–Rodriguez*, 971 P.2d 223, 225–26 (Colo.1998).

 We decline to address those issues which defendant raises for the first time in his reply brief. *See People v. Salinas*, 55 P.3d 268, 270 (Colo.App.2002) (issues raised for the first time in a reply brief will not be addressed).

The order is affirmed.

MÁRQUEZ and STERNBERG *, JJ., concur.