The PEOPLE of the State of Colorado, Petitioner-Appellant,

In the Interest of P.J.N., Minor Child-Appellee,

And Concerning: D.N. and C.N., Respondents-Appellees.

No. 82SA323.

Supreme Court of Colorado.

June 6, 1983.

Nolan L. Brown, Dist. Atty., First Judicial Dist., Thomas L. Kanan, Deputy Dist. Atty., Golden, for petitioner-appellant.

Robert Tabor Booms, Reynard & Booms, P.C., Denver, for minor child-appellee.

DUBOFSKY, Justice.

The People appeal a Jefferson County District Court order reducing the amount of restitution to be paid by P.J.N., a delinquent child, as a condition of his probation.[1] We reverse the order of the district court and remand with directions.

The Jefferson County District Court adjudicated P.J.N. a delinquent on August 12, 1981 on the basis of a petition charging P.J.N. with third degree assault. As a condition of P.J.N.'s probation, the court ordered that he pay $1,261.10 in restitution. Of that amount, $483.40 was to reimburse the victim for his out-of-pocket expenses in obtaining medical treatment. The remainder, $777.70, represented reimbursement to Blue Cross/Blue Shield, the victim's insurer, for medical benefits which it paid on the victim's behalf. On a motion for reconsideration of the restitution order, another judge of the Jefferson County District Court struck that portion of the order requiring reimbursement of Blue Cross/Blue Shield. The district court concluded that *People v. King,* 648 P.2d 173 (Colo.App. 1982) (*cert. denied* July 12, 1982), limited restitution to the amount earlier ordered paid to the victim. The People appeal this order.

■ The district court's reliance on *People v. King* is misplaced in the instance of a restitution order made as a condition of the probation of a delinquent child under section 19–3–113(4), C.R.S.1973 (1978 Repl.Vol. 8, 1982 Supp.). *King* interpreted the language of section 16–11–204.5(1), C.R.S.1973 (1978 Repl.Vol. 8, 1982 Supp.) which provides that a defendant sentenced to probation in an adult criminal proceeding shall "make restitution to the *victim* of his conduct for the actual damages which were sustained." (emphasis supplied). On the basis of this statutory provision, the court of appeals in *King* directed that the restitution payment to the victim's insurance company instead be made to the immediate

victim and implied that the insurance company could exercise its right to subrogation.

Contrary to the district court's reasoning and the concessions by the parties, *People v. King* does not control the result here. Questions of restitution in proceedings respecting disposition of a child adjudicated a delinquent are controlled by section 19–3–113(4), C.R.S.1973 (1978 Repl.Vol. 8, 1982 Supp.). This statute contains the following relevant language: ". . . a decree of disposition entered pursuant to this section shall, in those instances the court finds damage has been done, contain a requirement that the child pay for any damage done to persons or property, upon such conditions as the court may deem best, unless payment causes serious hardship or injustice to the child." The broad statutory requirement that a delinquent child must pay "for any damage done to persons or property" fully authorizes the district court's order that P.J.N. make restitution to the victim's insurer.

Moreover, such an order furthers two important policy goals. First, directing payment to the insurance company which has made expenditures on behalf of its insured avoids the realization of a windfall by either the delinquent or the victim. *See* 22 *Am.Jur.2d* Damages § 206 (1965). This result serves both the rehabilitative purpose of a restitution order, since the delinquent enjoys no reduction in the restitution obligation simply because the victim happens to be insured, and the compensatory purpose of restitution, since the victim is made whole. *See Cumhuriyet v. People,* 200 Colo. 466, 615 P.2d 724, 726 (1980). Second, ordering reimbursement of the insurance company fosters judicial economy by eliminating the need for the company to institute a separate civil action against the delinquent for subrogation or against the insured for indemnification.

■ P.J.N. argues that the disposition phase of a delinquency proceeding is not the

---

1. This court has jurisdiction of the People's appeal under section 16–12–102, C.R.S.1973 (1978 Repl.Vol. 8) and C.A.R. 4(b) because the People appeal as a matter of law the district court's ruling that section 19–3–113(4), C.R.S. 1973 (1978 Repl.Vol. 8, 1982 Supp.) precludes the award of restitution to any party other than the victim.

proper place to determine what amounts to a civil liability. The facts of this case do not bring it within the principle which P.J.N. asserts or the cases which he cites. This is not a case in which the court ordering restitution must speculate upon the amount due, as in *People v. Richards,* 17 Cal.3d 614, 131 Cal.Rptr. 537, 552 P.2d 97 (1976), *People v. Heil,* 79 Mich.App. 739, 262 N.W.2d 895 (1977), and *State v. Stalheim,* 275 Or. 683, 552 P.2d 829 (1976). There is no dispute that the $777.70 which P.J.N. was ordered to pay to Blue Cross/Blue Shield represented repayment of medical benefits which Blue Cross/Blue Shield provided to the victim. Therefore, P.J.N.'s argument finds no support in the record.

The order of the Jefferson County District Court striking restitution to Blue Cross/Blue Shield is reversed with directions to ascertain whether payment of the full amount of the original restitution order will cause serious hardship or injustice to P.J.N., and, if not, to reinstate the original order reimbursing Blue Cross/Blue Shield in the amount of $777.70 and the victim in the amount of $483.40.

REVERSED AND REMANDED WITH DIRECTIONS.

