**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Matthew Ben JEWETT, Defendant-Appellant.**

No. 82CA1384.

Colorado Court of Appeals, Div. III.

Sept. 27, 1984.

Rehearing Denied Oct. 18, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Gerald E. Piper, Rachel A. Bellis, Deputy State Public Defenders, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Matthew Ben Jewett, appeals from the sentence imposed upon a judgment of conviction entered following de-fendant's plea of guilty to attempted theft. The defendant contends that the trial court improperly ordered him to make restitution to the victims of his crime in the amount of $1,507.50 as a condition of parole. Defendant argues that because the victims had been reimbursed for all but $100 of their loss by their insurance company, the court could only order him to pay restitution in the amount of $100. We affirm.

Payment of restitution is a required condition of parole, and the amount of such restitution is based only, in part, on the "actual, pecuniary damages sustained by the *victim*." Section 16–11–204.5(1), C.R.S. (1983 Cum.Supp.) (emphasis added).

In *People v. King*, 648 P.2d 173 (Colo. App.1982), we held that restitution payments must be made "to the party immediately and directly aggrieved by the criminal act, and not to others who suffer loss because of some relationship, contractual or otherwise, to the directly aggrieved party." However, that holding does not imply that a defendant should enjoy a reduction in his restitution obligation because the victim happened to be insured. *See People in Interest of P.J.N.*, 664 P.2d 245 (Colo.1983).

Accordingly, the fact that the victims' loss here was partially covered by insurance is irrelevant to a determination of the amount of defendant's restitution obligation.

Judgment affirmed.

BERMAN and METZGER, JJ., concur.