Clarence E. BARTZ, Petitioner-Appellant,

v.

Phyllis R. BARTZ, Respondent.

Court of Appeals

*No. 89-1145. Submitted on briefs October 13, 1989.—Decided December 21, 1989.*

(Also reported in 452 N.W.2d 160.)

For the petitioner-appellant the cause was submitted on the briefs of *Arpin Law Office* by *Patrick A. Arpin* of Watertown.

For the respondent the cause was submitted on the briefs of *Niemann, Ullsvik, Neuberger & Lorenz* by *Andrew R. Griggs* of Watertown.

Before Eich, C.J., Dykman and Sundby, J.J.

DYKMAN, J. Clarence Bartz appeals from an order denying his motion to convert a judgment of legal separation to a judgment of divorce. The issue is whether sec. 767.09(2), Stats., is mandatory. Section 767.09(2) provides that "upon motion of either party not earlier than one year after entry of a decree of legal separation, the court shall convert the decree to a decree of divorce." We conclude that the statute is mandatory. Accordingly, we reverse the trial court's order.

On April 16, 1986, Clarence and Phyllis Bartz were granted a judgment of legal separation based on their stipulation. One reason the couple chose a legal separation, rather than a divorce, was so that Phyllis would continue to be insured under Clarence's health insurance

policy. Phyllis had a history of chronic degenerative disorders and would have had difficulty obtaining her own insurance.

On February 2, 1989, Clarence sought to convert the decree of legal separation to a judgment of divorce. In response, Phyllis asked that Clarence be ordered to pay for her health care insurance should a divorce decree be entered. The trial court denied Clarence's motion for a divorce. The court found that a divorce would create a financial hardship for Phyllis due to the loss of health insurance coverage. The court also found that the legislature did not intend "to require courts to grant an absolute divorce upon the request of either party if such conversion from a judgment of legal separation results in grave financial hardship to either of the parties."

Whether sec. 767.09(2), Stats., is mandatory is a question of statutory construction. Statutory construction presents a question of law, which we review *de novo. Rugg v. LIRC,* 135 Wis. 2d 444, 447, 400 N.W.2d 499, 500 (Ct. App. 1986). The purpose of statutory construction is to determine and to give effect to the legislature's intent. *Rychnovsky v. Village of Fall River,* 146 Wis. 2d 417, 420, 431 N.W.2d 681, 683 (Ct. App. 1988).

Section 767.09(2), Stats., provides that the court "shall" convert a decree of legal separation to a decree of divorce. Generally, the use of the word "shall" means that the statute is mandatory. However, the statute will be construed as directory if necessary to carry out the legislature's clear intent. *Cross v. Soderbeck,* 94 Wis. 2d 331, 340, 288 N.W.2d 779, 783 (1980).

Phyllis argues that a mandatory construction of the statute would frustrate the legislative objectives of the statute. She relies on the legislature's statement of the

purpose of the 1977 Divorce Reform Act: "[T]o promote an equitable and reasonable adjudication of the economic and custodial issues involved in marriage relationships." Sec. 1, ch. 105, Laws of 1977. She argues that a trial court has discretion to refuse to convert a decree of legal separation to a decree of divorce, when the divorce would impose economic hardship on one of the parties. We disagree.

With the 1977 Divorce Reform Act, the legislature made sweeping changes in the state's divorce law. The most significant was the change from a fault-based to a no-fault divorce law. *Dixon v. Dixon,* 107 Wis. 2d 492, 501, 319 N.W.2d 846, 851 (1982). Wisconsin's divorce law now focuses on the family members' needs in the settlement of financial and custodial issues.

Neither the purpose nor the history of the state's divorce law suggests that the term "shall" in sec. 767.09(2), Stats., should have a directory construction. Though our divorce law focuses on financial issues, it does not necessary follow that a court has discretion to deny a motion for divorce when economic hardship would result to either party. A court appropriately considers a party's health and financial needs in dividing the property or awarding maintenance.[1] Secs. 767.255(4) and 767.26(2). However, health and financial need are not mentioned in sec. 767.09(2). If a party has met the statutory requirements to obtain a divorce, the trial court must grant the party's motion to convert a judgment of legal separation to a judgment of divorce.

[1] We express no opinion regarding the provisions of the divorce judgment in this case. We only decide that the divorce decree must be granted.

*By the Court.*—Order reversed with directions to grant a divorce decree.