John SCHUNK and Susan Schunk, Plaintiffs-
Appellants,†

v.

Joan BROWN and Adam Wierzbicki, Defendants-
Respondents.

Court of Appeals

*No. 89-1689. Submitted on briefs April 14, 1990.—Decided May
30, 1990.*

(Also reported in 457 N.W.2d 571.)

---

† Petition to review filed.This petition was not disposed of at
the time the volume went to press. Its disposition will be
reported in a later volume.

---

On behalf of the plaintiffs-appellants and *Amicus Curiae,* Town of Delafield, the cause was submitted on the joint briefs of *Harold H. Fuhrman* of *Harold H. Fuhrman and Associates* of Milwaukee and *George A. Schmus* of Brookfield.

On behalf of the defendants-respondents, the cause was submitted on the brief of *J. Steven Tikalsky,* of *Tikalsky, Raasch & Tikalsky* of Waukesha.

Before Nettesheim, P.J., Brown and Scott, JJ.

NETTESHEIM, P.J. John and Susan Schunk appeal from a circuit court summary judgment declaring that Joan Brown and Adam Wierzbicki (Brown/Wierzbicki) own a portion of a vacated parkway lying between the parties' properties.

The facts are not in dispute. At one time, Jane Auer owned a tract of land which included the Schunk lot, the Brown/Wierzbicki lot, and the disputed parcel, all located in the town of Delafield in Waukesha county.[1] In May 1902, Auer Park on Pewaukee Lake (Auer Park) was platted as a subdivision. The platting documents designated Louie Auer as the owner of the land comprising Auer Park. This plat included the Schunk lot. It did not include the Brown/Wierzbicki lot or the disputed parkway parcel.

In April 1929, Jane Auer deeded certain lands to the Oakton Country Club Corporation. This conveyance included the Brown/Wierzbicki lot and the disputed parcel. In May 1929, the Oakton Country Club Corporation platted the Oakton Park Pewaukee Lake Subdivision (Oakton Park). This plat specifically laid out the Brown/Wierzbicki lot and dedicated the parkway parcel to the town of Delafield for use as a public thoroughfare. In summary, the Schunk lot originated from the Auer Park plat while the Brown/Wierzbicki lot and the disputed parkway parcel originated from the Oakton Park plat.

Oakton Country Club Corporation was involuntarily dissolved by the Wisconsin Secretary of State in 1980.

---

[1]The Town of Delafield participated in this appeal as amicus curiae.

The parkway parcel was never used as a street and, on August 25, 1981, it was vacated by the town of Delafield.

Schunk's complaint and Brown/Wierzbicki's counterclaim each requested the circuit court to declare their respective interests in the vacated parkway parcel. Although not expressly invoking sec. 841.01(1), Stats., we deem both parties' pleadings as seeking relief pursuant to that statute, which provides: "Any person claiming an interest in real property may maintain an action against any person claiming a conflicting interest, and may demand a declaration of interests."

Both Schunk and Brown/Wierzbicki moved for summary judgment. Our review of a summary judgment ruling is *de novo* and we owe no deference to the trial court's determination. *Town of Janesville v. Rock County,* 153 Wis. 2d 538, 541, 451 N.W.2d 436, 437 (Ct. App. 1989). Where both parties move for summary judgment, the case is put in a posture where the parties waive their right to a full trial of the issues and permit the trial court to decide the legal issue. *Duhame v. Duhame,* 154 Wis. 2d 258, 262, 453 N.W.2d 149, 150 (Ct. App. 1989).

This case is governed by sec. 80.32(3), Stats., which reads:

Discontinuance of highways; reversion of title.

. . ..

(3) When any highway shall be discontinued the same shall belong to the owner or owners of the adjoining lands; *if it shall be located between the lands of different owners it shall be annexed to the lots to which it originally belonged if that can be ascertained;* if not it shall be equally divided between the owners of the lands on each side thereof. [Emphasis added.]

██ The highlighted portion of this statute has not previously been construed by the appellate courts of this state. The construction of a statute presents a question of law which we also review *de novo. Bartz v. Bartz,* 153 Wis. 2d 756, 758, 452 N.W.2d 160, 161 (Ct. App. 1989). The purpose of statutory construction is to determine and give effect to the legislature's intent. *Id.* In so doing, our first resort is to the language of the statute itself. *Johnson v. City of Onalaska,* 153 Wis. 2d 611, 615–16, 451 N.W.2d 466, 468 (Ct. App. 1989). A statute should be construed to give effect to its leading idea and should be brought into harmony with its purpose. *State v. Wimmer,* 152 Wis. 2d 654, 660, 449 N.W.2d 621, 623 (Ct. App. 1989).

In this case, we construe the phrase "if it [the vacated parcel] shall be located between the lands of different owners it shall be annexed *to the lots to which it originally belonged* if that can be ascertained." Sec. 80.32(3), Stats. The key word is "lots." The Schunks contend that the parkway never belonged to any "lots." Rather, they reason that the parkway belonged to Oakton Park subdivision as platted by the Oakton Country Club Corporation. The Schunks therefore contend that the trial court erred in equating "subdivision" with "lots."

The Schunks also argue that since the corporation is now defunct by virtue of the secretary of state's involuntary dissolution, the statutory scheme for returning the parkway to the original owners cannot be carried out. Faced with this impossibility, the Schunks contend that the trial court should have equally divided the property "between the owners of each side thereof"—the alternative method for division of the property pursuant

to the statute. We disagree with the Schunks' analysis of the statute.

The "leading idea" of sec. 80.32(3), Stats., is to merge vacated lands with the parcel to which the vacated land originally belonged. The task of the trial court under this statute was to track *the vacated property* —not the ownership—back to the parcel to which it originally belonged. Stated differently, sec. 80.32(3) inquires as to what parcel of land the vacated property belonged before the platting and dedication. If this can be ascertained, the vacated land "reverts" to the original parcel and, by implication, to the present owner(s). If this cannot be ascertained, the property is equally divided between the owners of each side of the vacated parcel.

In this case, the trial court was able to ascertain the original parcel to which the vacated lands originally belonged prior to the platting and dedication of Oakton Park. Such parcel, obviously, was the land which was platted. That tract included both the Brown/Wierzbicki parcel and the parkway parcel. As such, the parkway parcel and the Brown/Wierzbicki parcel were part of the larger whole and were, in fact, one.

As successors in title to Oakton Country Club Corporation, Brown and Wierzbicki therefore properly stand in the corporation's shoes for purposes of sec. 80.32(3), Stats. The trial court correctly awarded the disputed portion of the vacated parkway to them.[2]

*By the Court.*—Judgment affirmed.

---

[2]The Schunks cite to various definitions of the word "lot" in

support of their position. We do not find these definitions helpful given the context of the word "lot" in sec. 80.32(3), Stats.

Brown and Wierzbicki cite *C.W. Neil v. Independent Realty Co.,* 298 S.W. 363 (Mo. 1927), in support of their position. While the facts in *Neil* are similar and the result agrees with ours here, the analysis there is based upon the common law. Ours is based upon sec. 80.32(3), Stats.