IN the INTEREST OF K.A.P., A Child Under the Age
of Eighteen Years: STATE of Wisconsin, Appellant,

v.

K.A.P., Respondent.†

Court of Appeals

*No. 90-1109. Submitted on briefs November 8, 1990.—Decided
November 28, 1990.*

(Also reported in — N.W.2d —.)

† Petition to review denied.

385

On behalf of the appellant, the cause was submitted on the briefs of *William J. Roach,* assistant district attorney for Waukesha county.

On behalf of the respondent, the cause was submitted on the brief of *Jack A. Umpleby* of *Umpleby Law Office* of Menomonee Falls.

Before Nettesheim, P.J., Brown and Scott, JJ.

NETTESHEIM, P.J.   The state of Wisconsin appeals from an order of the juvenile court dismissing a delinquency petition filed against K.A.P. and from an ensuing order denying the state's motion for reconsideration of the dismissal. The issue on appeal is whether the juvenile court has the authority to waive its jurisdiction where the child has denied the facts of the delinquency petition, then attained eighteen years of age without an adjudication of the petition, and a petition for waiver of juvenile court jurisdiction was not filed within the time dictates of the waiver statute, sec. 48.18(2), Stats. The juvenile court ruled that it had no such authority. We disagree and therefore reverse the

386

order dismissing the delinquency petition against K.A.P. We remand for further proceedings.

The state filed a delinquency petition against K.A.P. on July 12, 1989, when K.A.P. was seventeen years of age. K.A.P. denied the allegations of the petition on August 11, 1989. During the pendency of this case, the state filed additional delinquency petitions against K.A.P. The state also filed timely waiver petitions on these additional matters. However, no petition for waiver of juvenile court jurisdiction was ever filed in this case.

The juvenile court conducted substantial proceedings on all the pending matters. Ultimately, the juvenile court waived its jurisdiction over K.A.P. as to the additional delinquency petitions which the state had filed. The instant matter, however, continued to pend in the juvenile court. Twice, K.A.P. failed to appear, requiring the juvenile court to adjourn the proceedings. The latter of these failures occurred on December 5, 1989 when the court issued a capias for K.A.P.'s arrest. K.A.P. did not again appear in this action until January 3, 1990—thirteen days after he attained his eighteenth birthday.

The state then requested permission from the juvenile court to file a waiver petition. The state relied upon sec. 48.12(2), Stats., which provides:

> If a court proceeding has been commenced under this section before a child is 18 years of age, but the child becomes 18 years of age before admitting the facts of the petition at the plea hearing or if the child denies the facts, before an adjudication, the court retains jurisdiction over the case to dismiss the action with prejudice, to waive its jurisdiction under s. 48.18, or to enter into a consent decree. If the court finds that the child has failed to fulfill the express terms and conditions of the consent decree or the child objects

> to the continuation of the consent decree, the court
> may waive its jurisdiction.

The state reasoned that since K.A.P. had denied the facts and then attained eighteen years of age without an adjudication, the juvenile court was empowered to entertain a waiver petition without meeting the filing deadline of the waiver statute, sec. 48.18(2), Stats.

The juvenile court disagreed with the state's reasoning. The court noted that sec. 48.18(2), Stats., requires that a waiver petition be filed prior to the plea hearing. The court concluded that the specific reference in sec. 48.12(2), Stats., to a waiver of juvenile court jurisdiction pursuant to the waiver statute, sec. 48.18, required the state to comply with the time dictates of the waiver statute. The court concluded that it was powerless to entertain a waiver petition from any person or agency (including the court) where the petition had not been filed in accord with the procedures set out in sec. 48.18(2). Thus, the court denied the state's application for leave to file a waiver petition. The court confirmed this ruling upon the state's request for reconsideration. The state appeals.

The issue is one of statutory construction, which presents a question of law. Although we value the trial court's decision, we review such matters *de novo,* without deference to the trial court's ruling. *See In re T.L.,* 151 Wis. 2d 725, 730–31, 445 N.W.2d 729, 731 (Ct. App. 1989).

Resolution of the issue requires us to address both sec. 48.18(2), Stats., and sec. 48.12(2), Stats. The former provides that a waiver petition must be filed prior to a plea hearing; the latter provides that the juvenile court's options include waiver of juvenile court jurisdiction when: (1) the juvenile attains eighteen years of age

before admitting the facts; or (2) having denied the facts, the juvenile attains eighteen years of age before an adjudication.

When multiple statutes are contained in the same chapter and assist in implementing the chapter's goals and policy, the statutes should be read *in pari materia* and harmonized if possible. *State v. Amato,* 126 Wis. 2d 212, 216, 376 N.W.2d 75, 77 (Ct. App. 1985). However, we are not to read statutes so as to create an unreasonable or absurd result. *T.L.,* 151 Wis. 2d at 731, 445 N.W.2d at 732.

We must first determine if the statutory language is clear or ambiguous, the test being whether the statute is capable of being construed in two different ways by reasonably well-informed people. *In re R.W.S.,* 156 Wis. 2d 526, 529, 457 N.W.2d 498, 499 (Ct. App.), *petition for review granted,* 155 Wis. 2d xxxvii, 458 N.W.2d 532 (July 25, 1990). We conclude that the statute is ambiguous because reasonable minds could differ as to whether the legislature intended to impose the time deadline of the waiver statute on the special waiver situation contemplated by sec. 48.12(2), Stats. We so conclude because sec. 48.12(2), although stating that the juvenile court's options include waiver of its jurisdiction "under s. 48.18," does not state that the waiver petition in this special and limited situation must be filed prior to the plea hearing. Moreover, it is reasonable to assume that when the state institutes a delinquency proceeding without filing a waiver petition before the plea hearing, the state contemplates that the proceeding will conclude in that forum. When, however, events produce a sec. 48.12(2) situation, we think that reasonable minds could

389

differ on whether the legislature intended the filing deadlines for a conventional waiver petition to apply.

Having concluded that the statute is ambiguous, we look to the legislative history, context, subject matter, or object of the statute to ascertain legislative intent. *State v. Pham,* 137 Wis. 2d 31, 34, 403 N.W.2d 35, 36 (1987). We have examined the legislative history regarding this statute and find no assistance on this question. However, the context of the language, and the subject matter and object of the statute satisfy us that the filing deadlines of sec. 48.18(2), Stats., do not apply to the special situation addressed by sec. 48.12(2), Stats.

We first echo the observation we made above: the commencement of a delinquency petition without an accompanying waiver petition contemplates that the proceeding will be concluded in the juvenile court forum. When, however, a child becomes eighteen during the pendency of the action, the situation is markedly changed. The court's options are distinctly limited: (1) entry of a consent decree (obviously, only with the consent of the child); (2) dismissal with prejudice; or (3) waiver of juvenile court jurisdiction.

These significant changes in the child's status and dispositional options, which were not present at the time the action was commenced, satisfy us that the deadline for filing a waiver of juvenile court jurisdiction in a conventional delinquency proceeding does not apply. A statute should be construed to give effect to its leading idea and should be brought into harmony with its purpose. *Schunk v. Brown,* 156 Wis. 2d 793, 797, 457 N.W.2d 571, 572 (Ct. App. 1990). The leading idea of sec. 48.12(2), Stats., is to redefine the juvenile court's jurisdiction when this special situation arises. In such a setting,

waiver becomes an option, not only because the appropriate criteria for waiver under sec. 48.18, Stats., are present, but also because the child has attained eighteen years of age while the action was pending—*a condition not present nor reasonably anticipated when the action was commenced.*

Second, an examination of the *entire* statute leads us to conclude that the time deadlines for the filing of a waiver petition under sec. 48.18(2), Stats., do not apply to a sec. 48.12(2), Stats., waiver proceeding. In its final sentence, sec. 48.12(2) provides, "[i]f the court finds that the child has failed to fulfill the express terms and conditions of the consent decree or the child objects to the continuation of the consent decree, the court may waive its jurisdiction." This sentence does not expressly invoke the waiver statute. Nor do we conclude that a reasonable reading of this sentence permits the imposition of the time deadlines of the waiver statute in such a setting.

Thus, if we adopt K.A.P.'s construction, the waiver petition deadline applies where the child rejects a consent decree, but it does not apply where a child accepts a consent decree and waiver of jurisdiction is later sought. We cannot discern any logical or legal basis for giving such disparate treatment under the same statute to these two situations. Such a result borders on the absurd and unreasonable. We should not read the statute to permit a child to force the juvenile court into a dismissal with prejudice where the juvenile spurns a consent decree, but permit waiver and further prosecution where the child has accepted the decree.

We therefore reverse the orders of the juvenile court. We remand the matter for further proceedings under sec. 48.12(2), Stats.

*By the Court.*—Orders reversed and cause remanded.