IN the INTEREST OF PABLO R., a person Under the Age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

PABLO R., Respondent-Appellant.

Court of Appeals

*No. 00–0697. Submitted on briefs July 19, 2000.—Decided October 18, 2000.*

2000 WI App 242

(Also reported in 620 N.W.2d 423.)

479

480

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Elizabeth A. Cavendish-Sosinski* of *Flores & Reyes Law Firm* of Waukesha.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Paul E. Bucher*, district attorney, and *Brad D. Schimel*, assistant district attorney.

Before Brown, P.J., Anderson and Snyder, JJ.

¶ 1. BROWN, P.J. The issue in this case is whether Pablo R., who committed an offense at age fourteen for which he could not have been waived into adult court had he been adjudicated as a juvenile, may now be waived into adult court as an adult because he absconded. Pablo observes that Wisconsin law establishes the juvenile's age at the time of the offense as determinative of the point at which the juvenile court can waive jurisdiction. He then argues that waiver is not possible here because WIS. STAT. § 938.18(1)(a) (1997–98)[1] limits the offenses for which a fourteen year old can be waived into adult court and the allegations made by the State do not fit any of the crimes listed in the statute. We agree with the State, however, that § 938.18(2) is a legislatively crafted exception to § 938.18(1)(a) and grants waiver authority in situations such as the one here. We affirm the waiver.

¶ 2. Because the issue in this case is purely statutory interpretation and because the text of the statute will help in gaining an understanding of the facts, we will set forth the language of the statute before discussing the facts. The pertinent part of WIS. STAT. § 938.18 reads as follows:

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

481

**Jurisdiction for criminal proceedings for juveniles 14 or older; waiver hearing.** (1)(a) Subject to s. 938.183, a juvenile or district attorney may apply to the court to waive its jurisdiction under this chapter in any of the following situations:

1. If the juvenile is alleged to have violated s. 940.03, 940.06, 940.225 (1) or (2), 940.305, 940.31, 943.10 (2), 943.32 (2) or 961.41 (1) on or after the juvenile's 14th birthday.

2. If the juvenile is alleged to have committed, on or after the juvenile's 14th birthday, a violation, at the request of or for the benefit of a criminal gang, as defined in s. 939.22 (9), that would constitute a felony under chs. 939 to 948 or 961 if committed by an adult.

3. If the juvenile is alleged to have violated any state criminal law on or after the juvenile's 15th birthday.

(b) The judge may also initiate a petition for waiver in any of the situations described in par. (a) if the judge disqualifies himself or herself from any future proceedings on the case.

**(2)** The waiver hearing shall be brought on by filing a petition alleging delinquency drafted under s. 938.255 and a petition for waiver of jurisdiction which shall contain a brief statement of the facts supporting the request for waiver. *The petition for waiver of jurisdiction shall be filed prior to the plea hearing, except that if the juvenile denies the facts of the petition and becomes 17 years of age before an adjudication, the petition for waiver of jurisdiction may be filed at any time prior to the adjudication.* (Emphasis added.)

¶ 3. On January 1, 1997, Pablo, who was then fourteen, allegedly killed a person while driving in an intoxicated condition. On January 14, 1997, the State

filed a delinquency petition alleging that Pablo violated WIS. STAT. §§ 940.09(1)(a) (causing the death of another by operating a motor vehicle while under the influence of an intoxicant); 940.09(1)(b) (causing the death of another by operating a motor vehicle while having a prohibited alcohol concentration); and 943.23(2) (intentionally taking and driving a motor vehicle without the owner's consent). Pursuant to the statute quoted above, WIS. STAT. § 938.18(1)(a)1, the State could not have filed a waiver petition at that time because the charged offenses were not listed as crimes for which a fourteen year old could be waived.

¶ 4. On February 10, 1997, Pablo denied the charges at a plea hearing. On March 20, 1997, the State amended the delinquency petition to include violations of WIS. STAT. § 940.25(1)(a) (causing great bodily harm of another by operating a motor vehicle while under the influence of an intoxicant) and 940.25(1)(b) (causing great bodily harm of another while driving a motor vehicle with a prohibited alcohol concentration). These amended charges could not have given the State the authority to seek waiver either. On April 30, 1997, a dispositional hearing took place. Pablo did not show up; he had absconded to Florida.

¶ 5. Almost two years later, on February 25, 1999, after Pablo had turned seventeen, the State filed a waiver petition. Under the new juvenile code, Pablo was now an adult. *See* WIS. STAT. § 938.02(1). Eventually Pablo was extradited from Florida, and on January 3, 2000, he was ordered into secure detention in Wisconsin. On February 9, 2000, a waiver petition hearing was held. Over Pablo's objection, the juvenile court waived him into adult court. The juvenile court used WIS. STAT. § 938.18(2) as its authority for doing so.

¶ 6.    Pablo appeals that decision to this court. He contends that the juvenile court was wrong to conclude that it had the authority to waive him under WIS. STAT. § 938.18(2). He argues that only if authorized under § 938.18(1) does the juvenile court have the power to waive a person under its jurisdiction to adult court. He interprets § 938.18(2) as merely a legislative command to prosecutors that any waiver petition must be filed before a plea hearing unless the person has turned seventeen, has previously denied the allegations while under juvenile court jurisdiction, and has not yet been adjudicated by the juvenile court. In that instance, a different timing mechanism for filing the waiver petition is involved: the petition for waiver may be filed after the plea hearing. Pablo insists, however, that the timing mechanism set forth in § 938.18(2) does not do away with the strictures set forth in § 938.18(1). In other words, Pablo is contending that since the juvenile court had no authority to waive him in the first instance because of his age and charge considerations, the court has no authority to waive him now even if he is an adult.

¶ 7.    Whether Pablo is correct in his reading of the two statutes is a question of statutory interpretation. The interpretation or application of a statute is a question of law which this court reviews de novo. *See State v. Hughes*, 218 Wis. 2d 538, 543, 582 N.W.2d 49 (Ct. App. 1998). When we interpret a statute, our goal is to ascertain the intent of the legislature and give effect to the intent of the legislature. *See State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177 (Ct. App. 1992). We first look to the language of the statute itself. *See Anderson v. City of Milwaukee*, 208 Wis. 2d 18, 25, 559 N.W.2d 563 (1997). If the language of the statute is unambiguous in its meaning, we go no

further. If, however, the statutory language is ambiguous, this court examines the scope, history, context, subject matter and purpose of the statute in order to determine the legislative intent. *See McCaughtry*, 173 Wis. 2d at 226. "When multiple statutes are contained in the same chapter and assist in implementing the chapter's goals and policy, the statutes should be read *in pari materia* and harmonized if possible." *K.A.P. v. K.A.P.*, 159 Wis. 2d 384, 389, 464 N.W.2d 106 (Ct. App. 1990). "Statutory language is ambiguous if reasonable people could disagree as to its meaning." *McCaughtry*, 173 Wis. 2d at 226.

¶ 8.   Standing by itself, WIS. STAT. § 938.18(1) is unambiguous. And standing by itself, § 938.18(2) also appears to be unambiguous. That is, subsec. (1) sets the parameters, based on age and the alleged offense, concerning when the court has authority to waive a juvenile into adult court. Subsection (2) allows waiver if the person was a juvenile when the action began, there was no waiver request made prior to the plea hearing, and now the person has become an adult and the juvenile proceedings are not yet concluded because the person denied the charge or charges.

¶ 9.   But what happens if the juvenile could *not* have been waived under the first subsection of WIS. STAT. § 938.18 because of age and offense considerations at the time and is now an adult of seventeen or over who denied the charges at a plea hearing? Does the first subsection act as a limitation on the second subsection such that juveniles who could not be waived when they were fourteen cannot now be waived simply because they have become adults? Or does the second subsection act as an exception to the strict confines of the first subsection? The plain reading of both subsec-

tions does not provide the answer. We therefore determine that the statutes, as applied to the case before us, are ambiguous. It is our responsibility to harmonize and give meaning to them.

¶ 10.    We start with the obvious. The legislature's purpose in promulgating the Juvenile Justice Code was to provide rehabilitation to juveniles; it understood that treatment and sanction options were limited for juveniles who had become adults. *Cf.* WIS. STAT. § 938.01. As discussed in § 938.01(2)(f), juveniles have unique needs for care and treatment, which the juvenile justice system is designed to meet. With this purpose in mind, we next turn to the legislative history. We note that WIS. STAT. § 938.18(2) is a codification of *K.A.P. See* Law Revision Committee Note, 1996, WIS. STAT. § 938.18(2). Thus, a review of this court's discussion in that case is important to our analysis.

¶ 11.    Like Pablo, K.A.P. was the subject of a delinquency petition. As in Pablo's case, the State did not file a waiver petition at the time of the delinquency petition. Like Pablo, K.A.P. denied the allegations of the petition. Then, like Pablo, K.A.P. absconded. Like Pablo, the next time K.A.P. appeared in juvenile court, he was an adult. The juvenile court dismissed the case against K.A.P. It believed that, since the State had not filed a waiver petition at the time of the plea hearing, it could not do so now just because K.A.P absconded and was an adult.

¶ 12.    We reversed. The issue was a little different than the issue here. In *K.A.P.*, we pointed out that while one statute said that the State must file its waiver petition before the plea hearing, another statute authorized the juvenile court to waive a child if the

child had become an adult.[2] The State contended that the authority to waive a person who was eighteen trumped any earlier decision on its part not to seek waiver prior to the original plea hearing. K.A.P. asserted that once the State had decided not to file its petition prior to the plea hearing, it had lost the right to file forever, even if he had absconded while the process was pending and had now become an adult. We recognized that it was our task to harmonize the two statutes. We wrote:

> [T]he commencement of a delinquency petition without an accompanying waiver petition contemplates that the proceeding will be concluded in the juvenile forum. When, however, a child becomes eighteen during the pendency of the action, the situation is markedly changed. The court's options are distinctly limited: (1) entry of a consent decree (obviously, only with the consent of the child); (2) dismissal with prejudice; or (3) waiver of juvenile court jurisdiction.
>
> These significant changes in the child's status and dispositional options, which were not present at the time the action was commenced, satisfy us that the deadline for filing a waiver of juvenile court jurisdiction in a conventional delinquency proceed-

---

[2] WISCONSIN STAT. § 48.12(2) (1989–90) stated:

If a court proceeding has been commenced under this section before a child is 18 years of age, but the child becomes 18 years of age before admitting the facts of the petition at the plea hearing or if the child denies the facts, before an adjudication, the court retains jurisdiction over the case to dismiss the action with prejudice, to waive its jurisdiction under s. 48.18, or to enter into a consent decree. If the court finds that the child has failed to fulfill the express terms and conditions of the consent decree or the child objects to the continuation of the consent decree, the court may waive its jurisdiction.

ing does not apply. A statute should be construed to give effect to its leading idea and should be brought into harmony with its purpose. . . . The leading idea of sec. 48.12(2), Stats., is to *redefine the juvenile court's jurisdiction* when this special situation arises. (Emphasis added.) In such a setting, waiver becomes an option, not only because the appropriate criteria for waiver under sec. 48.18, Stats., are present, but also because the child has attained eighteen years of age while the action was pending—*a condition not present nor reasonably anticipated when the action was commenced.*

*K.A.P.*, 159 Wis. 2d at 390–91.

¶ 13.    We recognize that in *K.A.P.*, the prosecutor had the right to file a petition for waiver prior to the plea hearing had he or she chosen to do so, while here, the prosecutor had no such right to file a petition for waiver prior to the plea hearing. Thus, while in *K.A.P.* the prosecutor had the choice of seeking waiver, but did not, the prosecutor in Pablo's case did not file for waiver because he or she was prohibited from doing so. Or put another way, in both cases, it was contemplated that the proceeding would be concluded in the juvenile forum. The difference is that in *K.A.P.*, it was the prosecutor who, by his or her decision, contemplated that the proceeding would remain in the juvenile forum while, in Pablo's case, it was the legislature which made that decision.

¶ 14.    But we conclude that this difference is one that is without distinction. In both cases, the person had absconded, forcing a different situation before the juvenile court—the child was now an adult and the court's options were now limited. In *K.A.P.*, we read WIS. STAT. § 48.18(2) (1989–90) to be a legislative grant allowing the juvenile court to redefine its jurisdiction

when faced with "a condition not present nor reasonably anticipated when the action was commenced." *K.A.P.*, 159 Wis. 2d at 390–91. We construed the statute to allow the court to now consider waiver when it could not consider waiver beforehand. *See id.* at 387–89. Likewise, we read the new statute, WIS. STAT. § 938.18(2), to allow the juvenile court to redefine its jurisdiction to waive when faced with conditions not contemplated or anticipated. We are confident in this result because the legislature cited *K.A.P* as the genesis for the statute. *See* Law Revision Committee Note, 1996, WIS. STAT. § 938.18(2). Thus, we conclude that § 938.18(2) is an expression of legislative will that when a person becomes seventeen and adjudication has not yet been accomplished because of some unlawful action by that person, the situation has changed and waiver into adult court is an appropriate response to the person's action.

¶ 15.    Pablo may still want to dwell on the distinction between *K.A.P.* and this case. In *K.A.P.*, 159 Wis. 2d at 387, it was the prosecutor who made the decision which contemplated that the proceeding would be completed in the adult court. He may read *K.A.P.* as saying that WIS. STAT. § 48.18(2) (1989–90) was merely a legislative decision to allow the prosecution to change its mind if the child absconded and was not found until that child had reached adulthood. He may say that the difference here is that it is the legislature, not the prosecutor, which has made the legislative choice that children who commit crimes when they are fourteen shall have their dispositions in juvenile court. He may argue that while a statute can be read to give the prosecutor a second kick at the cat if conditions change, it cannot be read to allow a court to give the prosecutor a first kick at the cat when conditions change.

¶ 16. To this anticipated argument, we disagree. We wrote *K.A.P.* We knew what we were saying. And, when we wrote *K.A.P.*, we were not limiting our decision to the facts of that case; our intent was broader. In other words, we were not saying that the legislature was giving the prosecutor a chance to seek waiver where it had eschewed that choice earlier. That was not where we were headed. We were saying that when conditions change because of a lawbreaking action by the child, resulting in the child being an adult before adjudication, all bets are off and the *power* of the *court* to waive the person is *redefined*. We are convinced that the legislature came away from reading *K.A.P.* with this understanding and sanctioned our interpretation by specifically noting *K.A.P.* when promulgating WIS. STAT. § 938.18(2).

¶ 17. We conclude as we began. The Juvenile Justice Code must be construed to give effect to "its leading idea." And the leading idea is to keep juveniles away from the adult system in all but a few instances because there is so much hope that we can use the capabilities of the juvenile system to turn the child around before it is too late. But when the child absconds and becomes an adult, it is absurd to believe that the leading idea still has some force to it. While there may be a few instances where keeping the adult under juvenile jurisdiction is still appropriate, the legislature was not interested in fencing the court in. This is why it promulgated WIS. STAT. § 938.18(2). We affirm the waiver into adult court.

*By the Court.*—Order affirmed.